UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| 5 STAR TECH I, LP, <br> 5 STAR TECH RETAIL I, LP, <br> 5 STAR TECH II-1, LP, <br> 5 STAR TECH II-2, LP, <br> 5 STAR TECH II-4, LP, <br> 1220/1280 DON HASKINS, LTD., <br> 1240 DON HASKINS, LTD., <br> 1270 DON HASKINS, LTD., <br> 1320/1390 DON HASKINS, LTD., <br> F-STAR SOCORRO HOLDING CO., LLC, <br> JNY, LP, JNY II, LP, <br> GAC INVESTMENTS, LLP, <br> JMB JOINT VENTURE, <br> SOUTHWEST REFRIGERATED <br> WAREHOUSING SERVICES JOINT VENTURE <br> and UNIT 82 JOINT VENTURE, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN GUARANTEE AND LIABILITY <br> INSURANCE COMPANY, <br><br> Defendant. | Case No. 3:18-cv-00037-DCG <br> JURY DEMANDED |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs 5 Star Tech I, LP, 5 Star Tech Retail I, LP, 5 Star Tech II-1, LP, 5 Star Tech II-2, LP, 5 Star Tech II-4, LP, 1220/1280 Don Haskins, Ltd., 1240 Don Haskins, Ltd., 1270 Don Haskins, Ltd., 1320/1390 Don Haskins, Ltd., F-Star Socorro Holding Co., LLC, JNY, LP, JNY II, LP, GAC Investments, LLP, JMB Joint Venture (collectively, "Plaintiffs"), Southwest Refrigerated Warehousing Services Joint Venture ("Southwest") and Unit 82 Joint Venture ("Unit 82") file their first amended complaint against Defendant American Guarantee and Liability Insurance Company ("AGLIC") and for causes of action say:

## I. PARTIES

1. 5 Star Tech I, LP, is a Texas limited partnership authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

2. 5 Star Tech Retail I, LP, is a Texas limited partnership authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

3. 5 Star Tech II-1, LP, is a Texas limited partnership authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

4. 5 Star Tech II-2, LP, is a Texas limited partnership authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

5. 5 Star Tech II-4, LP, is a Texas limited partnership authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

6. 1220/1280 Don Haskins, Ltd., is a Texas limited partnership authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

7. 1240 Don Haskins, Ltd., is a Texas limited partnership authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

8. 1270 Don Haskins, Ltd., is a Texas limited partnership authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

9. 1320/1390 Don Haskins, Ltd., is a Texas limited partnership authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

10. F-Star Socorro Holding Co., LLC, is a Delaware limited liability company authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

11. JNY, LP, is a Texas limited partnership authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

12. JNY II, LP, is a Texas limited partnership authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

13. GAC Investments, LLP, is a Texas limited liability partnership authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

14. JMB Joint Venture is a Texas joint venture authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

15. Southwest is a Texas joint venture authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

16. Unit 82 is a Texas joint venture authorized to do business in Texas and doing business in El Paso County, Texas at all times pertinent to this case.

17. AGLIC is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. AGLIC is authorized to transact business and has transacted business in the State of Texas. AGLIC has answered herein and may be served with this first amended complaint by serving its counsel of record.

II. JURISDICTION AND VENUE

18. This Court has jurisdiction over the parties and claims in this removed action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

19. The conduct of AGLIC giving rise to the claims of Plaintiffs, Southwest and Unit 82 occurred, at least in part, in El Paso County, Texas, and venue of this case is proper as to AGLIC

in the Western District of Texas, El Paso Division, pursuant to 28 U.S.C. § 1441(a) because the state court from which this action was removed was located in this District.

### III. FACTUAL BACKGROUND

20. AGLIC's Policy Number CPO 0187192-01 ("Policy") provides Plaintiffs, Southwest and Unit 82 with various types of insurance coverage on warehouse and retail properties owned by Plaintiffs and Unit 82 (collectively, "Insured Premises"), and on the cold storage warehouse properties and assets owned by Unit 82 and operated by Southwest at 12180-12190 Rojas in El Paso, Texas ("Cold Storage Business"). Among other items, the Policy covers damage to the Insured Premises and Cold Storage Business caused by hail, and the extra expense and expense to reduce loss incurred by Southwest as a result of the hail damage to the Cold Storage Business, all of which coverage Plaintiffs, Southwest and Unit 82 relied upon in purchasing the Policy.

21. On or about November 4, 2016, during the term of the Policy, the Insured Premises and Cold Storage Business sustained significant damage due to hail. Plaintiffs, Southwest and Unit 82 all timely and properly submitted written claims for reimbursement and recovery of the damages to the Insured Premises and Cold Storage Business, and Southwest submitted its claim for the extra expense and expense to reduce loss it incurred (collectively, "Claims"). The Claims were received by AGLIC and assigned Claim Number 5570155294.

22. Instead of paying the Claims as required by the Policy, AGLIC failed to conduct a reasonable investigation of the Claims, and has refused to pay Plaintiffs, Southwest and Unit 82 the benefits under the Policy to which they are entitled as a result of the damages to the Insured Premises and Cold Storage Business. The damages to the Insured Premises and Cold Storage Business and the other amounts to which Plaintiffs, Southwest and Unit 82 are entitled under the Policy are sufficiently documented and clearly covered by the Policy.

23. AGLIC has received sufficient written notice of the specific complaints and amounts of the Claims, the damages and expenses incurred and sought, in accordance with the Policy, *Tex. Ins. Code* §541.154 and *Tex. Ins. Code* §542A.003. AGLIC's time period for response has elapsed, and there was no reasonable basis for denying or delaying payment of the Claims.

24. Despite the terms of the Policy and AGLIC's obligations to do so, AGLIC has failed to comply with its obligations under the Policy, and has refused to fully pay the Claims.

25. During its supposed investigation, AGLIC failed and refused to pay for all known damages to the Insured Premises and Cold Storage Business, and failed and refused to pay Southwest the extra expense and expense to reduce loss it incurred. Instead of paying the Claims as required by the Policy, AGLIC has denied Plaintiffs, Southwest and Unit 82 the coverage they purchased. Despite making multiple promises to pay the Claims in amounts submitted and documented by Plaintiffs, Southwest and Unit 82, AGLIC has refused to pay the Claims, although they are explicitly documented and clearly covered by the Policy.

26. In addition, AGLIC has breached the Policy on multiple occasions by, among other things:

   (a) requiring Plaintiffs, Southwest and Unit 82 to repeatedly provide AGLIC with the same information regarding damages to the Insured Premises and Cold Storage Business;

   (b) requiring Plaintiffs, Southwest and Unit 82 to repeatedly inconvenience customers and tenants in order to allow multiple instances of access to the Insured Premises and Cold Storage Business by unqualified persons designated by AGLIC who could not evaluate the nature or extent of damages;

   (c) attempting to force Plaintiffs, Southwest and Unit 82 to accept repair quotes based on a computer program known as Xactimate, which supposedly determines average prices in a

particular region, without identifying any specific contractor who will do the work for that amount in the area where the Insured Premises and Cold Storage Business are located. El Paso is an unusual construction market, and the availability of qualified contractors in the El Paso area to do much of the needed work is limited, which allows the qualified contractors to charge higher-than-normal prices and makes getting the repairs done on a timely basis that much more difficult;

(d) failing to disclose information about the useful lives of the various components of the Insured Premises and Cold Storage Business assumed by AGLIC in determining the amount of depreciation used to calculate actual cash values and repair costs;

(e) excluding industry-standard additions of 10% overhead and 10% profit to repair/replacement cost estimates for the work and materials needed to be done to repair the Insured Premises and Cold Storage Business to the extent required by the Policy; and

(f) requiring that Plaintiffs, Southwest and Unit 82 perform a host of obligations under the Policy which are actually owed to Plaintiffs, Southwest and Unit 82 by AGLIC.

27. AGLIC has received multiple, far more than sufficient written notices of the specific complaints and amounts of the Claims asserted by Plaintiffs, Southwest and Unit 82 and their respective damages and expenses, well in excess of the notice required by the Policy, *Tex. Ins. Code* §541.154, *Tex. Ins. Code* §542A.003 and *Tex. Bus. & Com. Code* §17.505(a). AGLIC's 60-day time period for response has elapsed.

28. Despite such notices and opportunities to pay the Claims at the times and in the amounts required by the Policy, AGLIC has failed and refused to do so.

## IV. CLAIMS FOR RELIEF

### COUNT 1 – BREACH OF POLICY

29. Plaintiffs, Southwest and Unit 82 reallege all matters as set forth in Paragraphs 20 through 28 hereof as if fully restated.

30. The conduct of AGLIC as alleged herein amounts to breach of the Policy, which has proximately caused and produced actual damages to Plaintiffs, Southwest and Unit 82 in the amounts more fully set forth herein, for which amounts Plaintiffs, Southwest and Unit 82 seek judgment against AGLIC.

### COUNT 2 – UNFAIR CLAIM SETTLEMENT PRACTICES AND DECEPTIVE TRADE PRACTICES

31. Plaintiffs, Southwest and Unit 82 reallege all matters as set forth in Paragraphs 20 through 30 hereof as if fully restated.

32. In the alternative, without waiving any other claims, Plaintiffs, Southwest and Unit 82 allege that the conduct of AGLIC as alleged herein amounts to unfair claim settlement practices and deceptive trade practices, in violation of *Tex. Ins. Code* §§541.051, 541.060-061, 542.003(b)(1) - (5), *Tex. Bus. & Com. Code §17.50(a)(4)* and other provisions of Texas law, all of which have proximately caused and produced actual damages to Plaintiffs, Southwest and Unit 82 in the amounts more fully set forth herein, for which amounts Plaintiffs, Southwest and Unit 82 seek judgment against AGLIC.

## V. ACTUAL DAMAGES

33. The conduct of AGLIC as alleged herein has directly and proximately caused and produced actual economic damages to each Plaintiff, to Southwest and to Unit 82 as follows, together with other damages and losses to be determined by appraisal of those amounts with respect to each of the Insured Premises with an EPDM roofing system:

| PLAINTIFF and PROPERTY ADDRESS | UNPAID DAMAGE |
|---|---|
| 5 Star Tech I, LP<br>1277 Joe Battle, El Paso, TX | $219,885.54 |
| 5 Star Tech Retail I, LP<br>1201 Bob Hope, El Paso, TX | $4,935.14 |
| 5 Star Tech II-1, LP<br>1321 Joe Battle, El Paso, TX | $173,967.42 |
| 5 Star Tech II-2, LP<br>1340 Bob Hope, El Paso, TX | $129,571.21 |
| 5 Star Tech II-4, LP<br>1301 Joe Battle, El Paso, TX | $99,188.35 |
| 1220/1280 Don Haskins, Ltd.<br>1220 and 1280 Don Haskins, El Paso, TX | $207,031.06 |
| 1240 Don Haskins, Ltd.<br>1240 Don Haskins, El Paso, TX | $117,553.93 |
| 1270 Don Haskins, Ltd.<br>1270 Don Haskins, El Paso, TX | $174,999.99 |
| 1320/1390 Don Haskins, Ltd.<br>1320 and 1390 Don Haskins, El Paso, TX | $326,620.53 |
| F-Star Socorro Holding Co., LLC<br>11751 Alameda Avenue, Socorro, TX | $81,127.64 |
| JNY, LP<br>11891 Alameda Avenue, Socorro, TX | $111,058.87 (jointly with JNY II, LP) |
| JNY II, LP<br>11891 Alameda Avenue, Socorro, TX | $111,058.87 (jointly with JNY, LP) |
| GAC Investments, LLP<br>1608-1610 Zaragosa Road, El Paso, TX | $37,901.64 |
| JMB Joint Venture<br>8720 Gateway East, El Paso, TX | $12,631.15 |
| Unit 82 Joint Venture<br>12180 – 12190 Rojas, El Paso, TX | $1,345,000 for repairs/replacements to the ammonia refrigeration equipment |
| Southwest Refrigerated Warehousing Services Joint Venture<br>12180 – 12190 Rojas, El Paso, TX | $6,884,292 for extra expense/expense to reduce loss incurred to move product during period of restoration |

## VI. ADDITIONAL DAMAGES, ENHANCED DAMAGES AND PENALTIES

34. Pursuant to applicable provisions of the Texas Insurance Code, the Texas Deceptive Trade Practices Act and other Texas law, in addition to their actual damages, Plaintiffs, Southwest and Unit 82 are each entitled to recover additional damages, enhanced damages and

penalties from AGLIC, for which additional amounts Plaintiffs, Southwest and Unit 82 each seek judgment against AGLIC.

## VII. ATTORNEY'S FEES

35. Due to the actions and conduct of AGLIC, Plaintiffs, Southwest and Unit 82 had to retain the undersigned attorney to represent them and to protect their interests in this action. Plaintiffs, Southwest and Unit 82 are each entitled to recover their reasonable attorneys' fees and costs from AGLIC pursuant to the Texas Insurance Code, the Texas Deceptive Trade Practices Act, the Policy and other applicable Texas law, for which they also seek judgment against AGLIC.

## VIII. CONDITIONS PRECEDENT

36. Plaintiffs, Southwest and Unit 82 have each fully satisfied and complied with all required notices, demands and conditions precedent to asserting their respective Claims and all rights to relief as stated herein.

## IX. RESERVATION OF RIGHT TO AMEND

37. Plaintiffs, Southwest and Unit 82 each reserve the right to further amend or supplement their complaint as additional information becomes known to them.

## X. RELIEF SOUGHT

For all these reasons, Plaintiffs, Southwest and Unit 82 each ask that upon trial by a jury, this Court render judgment in each of their favor against AGLIC for all amounts of actual damages, enhanced and additional damages, penalties, attorney's fees and expenses sought by each of them herein, together with other damages and losses to be determined by appraisal of those amounts with respect to each of the Insured Premises with an EPDM roofing system, pre-judgment interest to the full extent permitted by law, post-judgment interest, costs of court, and such other and further relief to which they may show themselves justly entitled.

Dated: April 13, 2019.

          Randy Lee
          Attorney at Law
          3300 North A Street
          Building 2-104
          Midland, TX 79705
          Telephone: (432) 638-0895
          Fax: (432) 224-1044
          E-mail: randyleeattorney@gmail.com

          <u>/s/Randy Lee</u>
          RANDY LEE
          Texas Bar No. 12074600
          Attorney for Plaintiffs, Southwest and Unit 82

## CERTIFICATE OF SERVICE

I certify that a true copy of this first amended complaint was served upon the following persons by electronic filing on April 13, 2019:

Richard G. Urquhart
Eric K. Bowers
Bennett A. Moss

Zelle LLP
901 Main Street, Suite 4000
Dallas, Texas 75202-3975

Attorneys for AGLIC

          <u>/s/Randy Lee</u>
          RANDY LEE